UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: EDGAR J. DIETRICH,

                      Debtor/Appellant,

v.

BASIL T. SIMON,

                      Trustee/Apellee.

_____/

Case Number 16-14389
Bankr. Number 13-57297
Honorable David M. Lawson

**ORDER DENYING MOTION TO WITHDRAW
REFERENCE TO THE BANKRUPTCY COURT**

This matter is before the Court on Edgar J. Dietrich's motion to withdraw the reference to the bankruptcy court. Dietrich filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 21, 2013. His case was referred to a bankruptcy judge in the Eastern District of Michigan pursuant to 28 U.S.C. § 157(a) and E.D. Mich. LR 83.50(a). Dietrich is now requesting that this Court withdraw the reference to the bankruptcy court.

A federal district court has original jurisdiction over bankruptcy cases and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this district, all bankruptcy-related proceedings are automatically referred to the bankruptcy court for this district. *See* E.D. Mich. LR 83.50(a).

Dietrich argues that this Court is required to withdraw the reference to the bankruptcy court, or in the alternative should exercise its discretion to withdraw the reference. A district court must

withdraw a proceeding from the bankruptcy court "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). But "there is little reason to assume that withdrawal is required by the mere presence of a non-title 11 issue, even if that issue is outcome determinative." *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996). The mandatory withdrawal provision is generally read narrowly to discourage "delaying tactics (perhaps further draining the resources of the debtor), forum shopping, and generally unnecessary litigation." *Id*. at 952. In other words, the mandatory provision is not an "'escape hatch' by which bankruptcy matters c[an] easily be removed to the district court." *Ibid*. (citing 130 Cong. Rec. H1849-50).

Dietrich argues that his bankruptcy case must be withdrawn because the bankruptcy trustee seized his social security pension, which necessarily implicates the Social Security Protection Act. Dietrich does not explain the circumstances of the alleged seizure or any actions the bankruptcy court has taken to resolve this matter. As other courts in this circuit have recognized, "[m]ere incidental reference to non-bankruptcy federal law is insufficient . . . to trigger mandatory withdrawal." *In re Federated Dep't Stores, Inc.*, 189 B.R. 142, 144 (S.D. Ohio 1995). The issue must be "[a] substantial and material consideration involv[ing] more than mere rote application of the provisions of a federal law." *Ibid*. Dietrich argues that 42 U.S.C. § 407(a) protects his Social Security funds in a bankruptcy proceeding. That may be so. However, merely invoking a federal statute and failing to explain how its application would require anything other than a rote application in the bankruptcy court is insufficient to warrant mandatory withdrawal in this case. Furthermore,

should it become necessary, the bankruptcy judge can file proposed findings of fact and conclusions of law on any non-core proceedings.  E.D. Mich. LR 83.50(a)(3).

Dietrich also asks the court to exercise its discretion to withdraw the reference.   A district court retains the discretion to withdraw the reference of a bankruptcy case for cause shown.  28 U.S.C. § 157(d).  Dietrich argues that because the bankruptcy court has fallen short of the mandate to foster economical use of the debtor's and creditor's resources by allowing the trustee to charge exorbitant fees, the Court should exercise its discretion in this case.  Additionally, Dietrich argues that the trustee has seized real and personal property belonging to third parties.

There is no statutory definition of what constitutes the "cause shown" sufficient to withdraw a reference to the bankruptcy court; nor does it appear that the Sixth Circuit has addressed the meaning of the term in this context.  Courts in this district generally consider the following six factors to determine whether cause has been shown:  "'(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.'"  *In re Skyline Concrete Floor Corp.*, 410 B.R. 564, 566 (E.D. Mich. 2008) (quoting *In re Burger Boys*, 94 F.3d 755, 762 (2d Cir. 1996); *see also In re Burgess*, 2008 WL 4388270, at *2 (E.D. Mich. Sept. 25, 2008) (same).  "Of these factors, the first is the most important."  *In re Skyline*, 410 B.R. at 567 (citing *In re Burger Boys*, 94 F.3d at 762).

Dietrich asks the Court to withdraw the bankruptcy reference essentially because he is frustrated with the bankruptcy proceedings and the manner in which the trustee is discharging his duties.  Those concerns, however, do not go to whether a claim is core or non-core.  Furthermore, withdrawing the reference more than three years after the bankruptcy case was commenced is not

the most efficient use of judicial resources and would likely delay the proceedings. The bankruptcy court is also in a better position to promote uniformity of bankruptcy administration because it falls within the bankruptcy court's expertise. Finally, courts are cautious not to encourage forum shopping. Allowing a debtor to escape to the district court whenever the bankruptcy case is not proceeding to the debtor's satisfaction would encourage forum shopping.

Therefore, the Court finds that Dietrich has not offered sufficient reasons to require mandatory withdrawal from the bankruptcy court, and has not shown cause why the Court should exercise its discretion to withdraw the reference at this time.

Accordingly, it is **ORDERED** that the debtor's motion to withdraw [dkt. #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  January 11, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2017.

s/ Susan Pinkowski
SUSAN PINKOWSKI